# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DOROTHY THORN,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0725** (BOR Appeal Nos. 2046256, 2046640)
(Claim No. 2005015145)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**ERGON-WEST VIRGINIA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dorothy Thorn, by Raymond Hinerman and Christopher Wallace, her attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Jon Snyder, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 25, 2012, in which the Board affirmed August 15, 2011, and November 22, 2011, Orders of the Workers' Compensation Office of Judges. In its August 15, 2011, Order, the Office of Judges affirmed the claims administrator's April 7, 2011, and April 18, 2011, decisions denying requests for a lumbar CT scan, flexion and extension x-rays, a total body bone scan, and lumbo-sacral orthosis with right hip spica brace. In its November 22, 2011, Order, the Office of Judges affirmed the claims administrator's June 2, 2011, decision denying a request to add degeneration of lumbar disc as a compensable component of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

1

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Thorn was injured on October, 8, 2004, while she was lifting a metal pipe. The injury was held compensable for a lumbosacral sprain on October 25, 2004. An MRI taken the day of the injury showed that Ms. Thorn had degenerative changes of her lower lumbar spine. Dr. Joseph E. Grady II found that Ms. Thorn reached maximum medical improvement for her compensable injury on April 21, 2006. In his assessment, he also found that she suffered from degenerative disc disease. An MRI taken on September 24, 2007, showed that the degenerative changes had progressed. Dr. Robert Gerbo's independent medical evaluation, on August 27, 2009, found that Ms. Thorn suffered from degenerative changes that would have taken years to develop. It was his opinion that the compensable injury was superimposed on pre-existing lumbar degeneration.

The claims administrator denied a request for a lumbar CT scan, flexion and extension x-rays, and a total body bone scan. The claims administrator also denied a request for lumbo-sacral orthosis with a right hip spica brace. The Office of Judges, in its August 15, 2011, Order, affirmed the claims administrator's decisions. The Office of Judges found that the requested medical treatments and diagnostic tests were to treat a non-compensable condition. It held that a preponderance of the evidence demonstrated that the requests were not medically related or reasonably necessary to treat the compensable injury.

The claims administrator also denied a request to add degeneration of lumbar disc to the claim. The Office of Judges affirmed the decision in its November 22, 2011, Order. The Office of Judges found that the medical evidence did not show a causal connection between the degenerative changes in Ms. Thorn's back and her compensable lumbosacral sprain. Multiple MRIs taken since the injury show degenerative changes caused by a condition that pre-existed the compensable injury.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges. This Court agrees with the reasoning and conclusions of the Board of Review. The medical evidence demonstrates that Ms. Thorn had degenerative disc disease before her compensable injury occurred. She was deemed to have reached maximum medical improvement for her lumbosacral sprain in April of 2006. The evidence of record fails to show a causal connection between her compensable injury and the degenerative changes that have developed in her back over the years.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 19, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum

3